**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| CHARLES L. MELVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.:  K24C-09-024 RLG |
| v. | ) | |
| | ) | |
| CENTURION OF DELAWARE, | ) | |
| LLC., BAYHEALTH MEDICAL | ) | |
| CENTER, INC., AND VITALCORE | ) | |
| HEALTH STRATEGIES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted:  December 23, 2024
Decided:  January 31, 2025

## ORDER

*Upon Review of the Affidavit of Merit –* **COMPLIANT**

This matter involves a medical negligence suit filed by Plaintiff Charles L. Melvin against Defendants Centurion of Delaware, LLC. ("Centurion"); Bayhealth Medical Center, Inc. ("Bayhealth"); and Vitalcore Health Strategies, LLC. ("Vitalcore").  Mr. Melvin asserts Defendants' collective medical negligence caused him permanent injury to his leg.  Additionally, Mr. Melvin alleges Bayhealth's specific negligence caused a delay in diagnosis, further retarding Mr. Melvin's necessary treatment.

1

Defendants Centurion and BayHealth move for an *in camera* review of Plaintiff's Affidavit of Merit to determine whether it complies with the requirement of 18 Del. C. §§ 6853(a)(1) and (c). Plaintiff filed an expert's affidavit and the expert's *curriculum vitae* in this case. The Court performed the review requested.

In Delaware, a medical negligence lawsuit must be filed with an affidavit of merit as to each defendant, signed by an expert, and accompanied by the expert's *curriculum vitae*.[1] As a general matter, an affidavit that track's the statutory language complies with the statute.[2] The expert signing the affidavit must be licensed to practice medicine as of the date of the affidavit, and engaged in practice in the same or similar field of medicine as the defendant in the three years immediately preceding the alleged negligence.[3] The affidavit must also recite that reasonable grounds exist to believe that each defendant was negligent in a way that caused the plaintiff's injuries.[4] While the affidavit of merit must be filed under seal, a defendant may request the Court to review it *in camera* to ensure that it complies with the statute's requirements.[5]

---

[1] Flamer v. Nanticoke Memorial Hospital, 2020 WL 113911, at *1 (Del. Super. Jan 9, 2020) (quoting 18 Del. C. § 6853(a)(1) & (c)).

[2] Dishmon v. Fucci, 32 A.2d 338, 342 (Del. 2011).

[3] Flamer, 2020 WL 113911, at *1 (quoting § 6853(c)).

[4] Id.

[5] Id. at *1 (quoting § 6853(d)).

As requested, after an *in camera* review of the Affidavit of Merit and the expert witness's *curriculum vitae*, the Court finds:

1. The expert signed the affidavit.

2. The expert attached a current *curriculum vitae.*

3. The expert is currently licensed to practice medicine.

4. The expert has been treating patients in the same field of medicine as Defendants for over three years, including the three years immediately preceding the alleged negligent conduct. Namely, the affidavit and accompanying *curriculum vitae* specifically reference the expert's experience in the field of internal medicine. The expert possesses familiarity with the specific medical conditions Mr. Melvin experienced; completed his residency in internal medicine; and holds board certifications in internal medicine and addiction medicine. The expert has also served as a clinical instructor in the Department of Medicine at the University of Medicine & Dentistry of New Jersey.

5. The expert recites and specifically lists the grounds and reasons to believe that BayHealth breached the applicable standard of care as it related to the diagnosis and treatment of Plaintiff's condition. The expert further opines that the breach was a proximate cause of Plaintiff's pain, suffering, and need for additional treatment.

6. The expert also explicitly renders opinions with regard to all three Defendants. The expert outlines, in his estimation, the bases for the belief that all Defendants breached the applicable standard of care as it relates to the treatment of Plaintiff's condition. The expert attributes that breach as the proximate cause of Plaintiff's permanent injury.

The Affidavit of Merit contains the information required by 18 <u>Del</u>. <u>C</u>. §§ 6853(a)(1) and (c) as to the allegations involving all Defendants. Therefore, the affidavit of merit is **COMPLIANT.**

      **IT IS SO ORDERED.**

_____
Reneta L. Green-Streett, Judge

*Via File & ServeXpress*